# CAMPANELLI & ASSOCIATES, P.C.
## ATTORNEYS AND COUNSELORS AT LAW

www.campanellipc.com

1757 Merrick Avenue · Suite 204 · Merrick, New York 11566
Telephone (516)746-1600
Facsimile (516) 746-2611

Andrew J. Campanelli
*Member of NY Bar*

Jean M. Smyth
Philip A. Salmon

*COUNSEL*

George B. McPhillips
*1930-1994*

July 17, 2026

*Via ECF*

Honorable James M. Wicks
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

  Re: Guevera v. The Village of Freeport, et al; 25-cv-4061
    Muir v. The Village of Freeport, et al; 23-cv-03904
    Higgs v. The Village of Freeport, et al; 23-cv-03943
    Luma v. The Village of Freeport, et al; 25-cv-554
    Pietrafesa v. The Village of Freeport, et al; 25-cv-00557
    Weinmann v. The Village of Freeport, et al; 25-cv-00742
    Coffin v. The Village of Freeport, et al; 25-cv-2204
    Whaley v. The Village of Freeport, et al; 25-cv-02720

Dear Judge Wicks:

  My Firm represents the plaintiffs in the above-referenced matters. Plaintiffs respectfully submit this letter in opposition to Defendant Village of Freeport's request to adjourn the Global Settlement Conference.

  The Global Settlement Conference has been scheduled since May 14, 2026, providing all parties with more than two months' notice of the conference date. During that time, Plaintiffs' counsel has devoted significant time and resources to preparing for the conference, and the numerous Plaintiffs involved have likewise made substantial arrangements to ensure their participation. Many Plaintiffs have coordinated work schedules, arranged for childcare and transportation, or otherwise adjusted their personal and professional obligations to appear in person on the scheduled date. Others have made arrangements to be available by telephone, should the Court permit such appearances. Under these circumstances, a last-minute adjournment of a conference that has been on the Court's calendar for more than two months is not warranted.

  Moreover, the Village of Freeport has not demonstrated that an adjournment is necessary. To the extent a particular representative is unavailable, the Village has other authorized decision-makers who may attend the conference with full settlement authority. Accordingly, Plaintiffs respectfully submit that the Defendant's scheduling issue should not outweigh the significant prejudice and inconvenience that an adjournment would impose upon the numerous Plaintiffs who have relied on the Court's longstanding scheduling order.

Should the Court nevertheless determine that an adjournment is appropriate, Plaintiffs respectfully request that any Plaintiff who is unable to appear in person on the rescheduled date due to previously scheduled work obligations, travel, or other commitments made in reliance on the original conference date be permitted to participate telephonically.

I thank the Court for its courtesies in this matter.

Respectfully submitted,

/s/ *Philip A. Salmon*
Philip A. Salmon

cc:    All parties via ECF